**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas KOPATICH, Defendant.**

**Case No. 03–CR–256.**

United States District Court,
E.D. Wisconsin.

April 16, 2013.

Scott J. Campbell, United States Department of Justice, Office of the U.S. Attorney, Milwaukee, WI, for Plaintiff.

ORDER DENYING MOTION TO REDUCE RESTITUTION UNDER 18 U.S.C. § 3664(j) (DOC. 58), AND DENYING AS MOOT MOTIONS FOR STATUS OF CASE (DOC. 64) AND FOR SUMMARY JUDGMENT OF EARLIER FILED MOTIONS (DOC. 65)

C.N. CLEVERT, JR., District Judge.

On October 5, 2005, this court sentenced Thomas Kopatich to 126 months imprisonment and ordered him to repay $4,500 drug buy money as a condition of supervised release. On January 5, 2006, U.S. District Judge Lynn Adelman sentenced Lauren A. Mata in a related case and ordered him to repay drug buy money of $2,000 to the Wisconsin Department of Justice at a rate not less than $50.00. *United States v. Mata*, Case No. 05–CR–72, 2005 WL 5956131 (E.D.Wis. July 18, 2005). Mata's obligation was made joint and several with Thomas Kopatich. Subsequently, pursuant to the government's motion, this court reduced Kopatich's sentence to 120 months and again ordered Kopatich to repay the $4,500 drug buy money. Through letters and several motions, Kopatich has asked this court to order the Bureau of Prisons to award him credit for time spent in state custody. In addition, he seeks a $2,000 reduction in his drug buy-money obligation on the grounds that Mata has already paid some of the obligation.

As an initial matter, Kopatich was incarcerated in FPC Yankton in South Dakota since July 7, 2011, and filed an emergency writ of habeas corpus under 28 U.S.C. § 2241 for jail credit governed under 18 U.S.C. § 3585(b)(1) and (2) in the Southern Division of the District of South Dakota. *Thomas Kopatich v. Jordan Hollingsworth*, Case No. 11–4168 (D.S.D. 2011). That motion was denied on the merits on December 15, 2011, when the

district court agreed with the Bureau of Prisons that Kopatich is not entitled to credit for three days incarceration in June of 1998. Moreover, the Bureau of Prisons previously awarded Kopatich credit for his state custody on November 11, 2003. Hence, it is apparent that the sentence credit issue is moot and no further relief may be granted by this court.

With respect to the repayment of the drug buy money, the government agrees that the court should make $2,000 of Kopatich's $4,500 drug buy-money obligation joint and several with the $2,000 obligation imposed on Mata. Nevertheless, the judgment of conviction with respect to Mata made the $2,000 joint and several with Kopatich and the Clerk of Courts collected the $2,000 as a joint and several obligation. Indeed, Kopatich paid $504.66 towards the obligation whereas Mata paid $1,495.34. No further amount is due or will be collected towards the $2,000 joint and several obligation.

Kopatich owes the remaining $2,500 individually and has paid $588.34 to date. To the extent that Kopatich seeks to have his drug buy money offset, he is referring to money that was the subject of DEA administrative proceedings in August 2001 and February of 2003. The government submitted the affidavit of Special Agent Willie A. Brantley, the lead agent who investigated the case against Kopatich. (Brantley Aff. ¶ 2.)

On March 12, 2001, Milwaukee Police Department officers found $18,000 in U.S. currency hidden in a compartment of a 1994 blue Chevrolet Blazer that Kopatich was driving. In August of 2001, the DEA forfeited the $18,000 administratively. (Brantley Aff. ¶ 5.) On October 3, 2002, the execution of a search warrant at Kopatich's residence, 8827 W. Mitchell Street, in Milwaukee, revealed $20,000 in U.S. currency and a .9mm Beretta semi-automatic pistol loaded with three bullets. Kopatich admitted the currency and gun belonged to him and the $20,000 was proceeds of his cocaine and marijuana trafficking that he intended to use to buy more drugs for resale. (Brantley Aff. ¶ 6.) Again, the DEA forfeited the $20,000 administratively.

The criminal complaint was filed in this criminal case on November 7, 2003. The indictment contained a notice of forfeiture referencing at least $520,000 "which sum is in addition to the $20,000 already seized by law enforcement officers." However, when the court sentenced Kopatich in October of 2005, following a guilty plea, the judgment of conviction did not indicate that any property was forfeited.

In *United States v. Emerson*, the Seventh Circuit Court of Appeals held that a district court did not err in refusing to offset the amount of restitution against the value of the forfeited property. 128 F.3d 557, 567 (7th Cir.1997). The court reasoned that restitution is designed to make the victim whole whereas forfeiture seeks to punish a defendant for his ill-gotten gains by transferring those gains from the defendant to the United States Department of Justice. *Id.* Years later, in *United States v. Venturella*, the Seventh Circuit again rejected an argument that restitution and forfeiture for the same crime is an improper double payment which constitutes double jeopardy. 585 F.3d 1013, 1019 (7th Cir.2009). However, in dicta, the Seventh Circuit wrote that "outside the rare occasion where the same party stands to benefit from both payments" there is no authority that restitution must be offset by any forfeiture amount. *Id.* at 1020. More recently, the Ninth Circuit Court of Appeals held that there is no double recovery even where the same government entity receives both the restitution and forfeiture because "the two payments represent different types of funds: punitive and com-

pensatory." *United States v. Davis,* 706 F.3d 1081, 1084 (9th Cir.2013).

 In this case, Kopatich did not object to the administrative forfeiture that preceded sentencing by over two years. There were no claims filed for the property within thirty days from the date of the last publication of the notice of seizure or thirty-five days from the date the personal seizure notices were mailed. (Doc. 16–2.) Moreover, Kopatich pleaded guilty to count one of the indictment and agreed "to pay $4,500, the amount of government 'buy money' paid to the defendant, to the Wisconsin Department of Justice, Division of Criminal Investigation, Narcotics Division, or its successor agency, as a condition of any term of supervised release imposed by the court." (Doc. 14 at 9.) He never appealed the October 13, 2005, judgment of conviction, the March 18, 2011, amended judgment of conviction, or otherwise filed a collateral attack on the judgments of conviction. Based on the express language of the plea agreement and the record at hand, the court will not offset the repayment of the drug buy money with the criminal gains that were administratively forfeited in different proceedings years before Kopatich was sentenced in this case. The repayment of the drug buy money is compensatory. The forfeiture was punitive. Now that the $2,000 joint and several obligation with Mata has been paid in full, Kopatich must continue to make payments towards the $2,500 that he owes individually (less the $588.34 he has already paid toward that debt). Now, therefore,

IT IS ordered that Thomas Kopatich's motion to reduce restitution under 18 U.S.C. § 3664(j) is denied.

IT IS FURTHER ORDERED that Kopatich's motion for status of case is denied as moot.

IT IS FURTHER ORDERED that Kopatich's motion for summary judgment of earlier filed motions is denied as moot.